UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA, | Case No. 2:23-cv-3011-JDP |
| Plaintiff, | |
| v. | ORDER |
| MARIA GALLEGOS, *et al.*, | |
| Defendants. | |

  Plaintiff, represented by counsel, brought this action against defendants Maria Gallegos, Jose Garcia Sr., and Jose Garcia Jr., alleging violations of the Americans with Disabilities Act ("ADA") and California law. ECF No. 1. On June 1, 2024, the parties filed a notice of settlement, ECF No. 10, and, on June 24, 2024, plaintiff filed a notice of voluntary dismissal as to defendants Gallegos and Garcia Sr., ECF No. 13. A separate stipulation of dismissal was filed as to defendant Garcia Jr., because he was represented by counsel and had filed an answer. ECF Nos. 12 & 13. In response to notice of voluntary dismissal, the court issued an order noting that the answer in question was filed on behalf of both Garcia Sr. and Garcia Jr., and that plaintiff therefore could not voluntarily dismiss his claims against Garcia Sr. absent a stipulation of

1  dismissal or court order. ECF No. 14; *see* Fed. R. Civ. P. 41(a)(1)(A)(i). The court directed
2  plaintiff to submit either a stipulation pursuant to Fed. R. Civ. P 41(a)(1)(A)(ii) or a statement
3  addressing the status of his claims against Jose Garcia Sr. ECF No. 14. Gallegos, who never
4  filed an answer, was dismissed. ECF No. 17.

5      In a status report filed on July 11, 2024, plaintiff's counsel informed the court that Garcia
6  Sr. had passed away while litigation was pending. ECF No. 16 at 1. I find that the claims against
7  this defendant are appropriate for dismissal on that basis. Under Federal Rule of Civil Procedure
8  41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that
9  the court considers proper." *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683,
10 687 (9th Cir. 2005) (Rule 41(a) permits dismissal of an entire action against an individual
11 defendant); *see also Defazio v. Hollister, Inc.*, Nos. CIV. 04-1358 WBS GGH, 05-0559 WBS
12 GGH; 05-1726 WBS GGH CONSOLIDATED, 2009 U.S. Dist. LEXIS 12217, *6-7 (E.D. Cal.
13 Feb. 4, 2009) (dismissing case against deceased defendant under Rule 41(a)(2) where no party
14 objected). Generally, such dismissals are without prejudice, unless the order states otherwise.
15 Here a dismissal with prejudice is appropriate. Plaintiff represents that the settlement has been
16 paid and that settlement was intended to release all defendants from all causes of action. ECF No.
17 16 at 1-2.

18     After dismissing claims against defendant Garcia Sr. on the basis described above, the
19 court now approves the previous stipulation, ECF No. 12, that dismisses the claims against Garcia
20 Jr. with prejudice.

21     Accordingly, it is hereby ORDERED that:

22     1. Plaintiff's notice of voluntary dismissal, ECF No. 13, is construed as a motion for
23 voluntary dismissal of plaintiff's claims against Garcia Sr. pursuant to Federal Rule of Civil
24 Procedure 41(a)(1)(A)(ii).

25     2. So construed, plaintiff's motion, ECF No. 13 is GRANTED and his claims against
26 defendant Garcia Sr. are dismissed with prejudice.

27     3. The parties' stipulation of dismissal, ECF No. 12, is APPROVED, and plaintiff's
28 claims against defendant Garcia Jr. are dismissed with prejudice.

4. The Clerk of Court is direct close the case.

IT IS SO ORDERED.

Dated:    March 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE